### JUNG v. AMERICAN CREDIT INDEMNITY CO.

(Circuit Court, E. D. Louisiana. April 22, 1910.)

#### No. 13,733.

INSURANCE (§ 432*)—CREDIT INDEMNITY POLICIES—LOSSES COVERED.

A credit indemnity policy insured against a loss not exceeding $4,000 on accounts of persons rated by a mercantile agency, above an initial loss to be borne by insured equaling 2½ per cent. of his gross sales, not less than $180,000. A rider provided that losses on unrated debtors should be covered as follows: The gross amount covered on any one debtor should be 75 per cent. of $500 gross indebtedness. The aggregate losses recoverable on a policy under the rider should be 75 per cent. of $4,000. The amount of the initial loss should be calculated on the net losses under the rider and the policy. *Held*, that the contract insured against loss on unrated accounts up to $3,000, after deducting the initial loss to be

*For other cases see same topic & §. NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

borne by insured; the rider not being subject to construction, as not insuring unrated accounts, and as merely permitting consideration of losses on them in estimating the net initial loss.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 432.*

Credit insurance, see notes to American Credit Indemnity Co. v. Wood, 19 C. C. A. 271; Same v. Athens Woolen Mills, 34 C. C. A. 165.]

At Law. Action by L. E. Jung against the American Credit Indemnity Company. Verdict directed for plaintiff.

Chas. J. Theard and Sol. Wolff, for plaintiff.
Farrar, Jonas, Goldsborough & Goldberg, for defendant.

FOSTER, District Judge. I may as well state my reasons for directing a verdict in this case. This is a suit, gentlemen, on a policy of credit indemnity insurance. The policy is for $4,000, and it is admitted that the total loss of the plaintiff has been $18,451.46. It also appears that he has two kinds of accounts, one termed "rated accounts," which are accounts of debtors falling within the ratings of R. G. Dun as set out in paragraph 2 of the conditions of the policy, and the other called "unrated accounts," consisting of all other accounts. The policy reads, in part, as follows:

"The American Credit Indemnity Company, in consideration of the representations and warranties made in the application for this bond or any prior bond of indemnity issued to the indemnified by this company, and upon payment of three hundred dollars premium, hereby guarantees L. E. Jung, of New Orleans, La., engaged in the business of wholesale liquors, etc., to an amount not exceeding four thousand dollars, against actual loss, in excess of the initial loss of not less than forty-five hundred dollars to be borne by the indemnified as hereinafter provided, which may be sustained by the indemnified through the insolvency of debtors as hereinafter defined, occurring during the term of this bond, and be covered under and proven in accordance with the provisions hereof, on the indemnified sales of merchandise shipped and delivered during the term of this bond, in the usual course of said business to individuals, firms, or copartnerships or corporations, in the United States of America or in the Dominion of Canada. The term of this bond shall be from the 1st day of October, 1907, to the 30th day of September, 1908, both days inclusive. The said initial loss, to be borne by the indemnified, shall be two and one-half per cent. of the total amount of the gross sales by the indemnified of merchandise shipped and delivered, during the term of this bond, in said United States and Dominion of Canada, but said percentage shall be calculated on sales of not less than $180,000, and said initial loss shall be deducted, as hereinafter provided, from the aggregate amount of the net covered, proved losses ascertained in the adjustment."

Paragraph 2 of the provisions refers to the rating of the debtor and reads as follows:

"No loss is covered by this bond, unless the debtor to whom the goods were shipped and delivered shall have in the latest published book of the Dun & Company Mercantile Agency at the date of the shipment one of the ratings of the said Agency, both as to capital and credit, as tabulated below. The gross amount to be covered on any one insolvent debtor shall be limited to 30 per cent. of the lowest amount of his capital rating where the first credit rating follows, but shall be limited to $2,000 gross, and shall be limited to 30 per cent. of the lowest amount of his capital rating where the second credit rating follows, but shall also be limited to $2,000 gross."

Then there are some further provisions and a schedule of ratings it is not necessary to read. To this policy is attached the following rider:

"By this rider, attached to and made part of bond No. 51612—C issued by the American Credit Indemnity Co., of New York, to L. E. Jung, of New Orleans, La., it is agreed that the following provisions shall be added to and made part of section No. 2 of this bond: If the governing rating of the debtor is a rating not covered under the body of said section No. 2, or if it is blank as to capital or credit, or both (blank blank), a loss on such debtor, if otherwise coming within the provisions of this bond, shall be covered to the following extent: The gross amount covered on any one such insolvent debtor shall be 75% of the indebtedness at the time of his insolvency but shall be limited to 75% of $500 gross: Provided, that the aggregate of the net losses to be included in the adjustment under this bond on all debtors coming within the provisions of this rider be limited to 75% of $4,000. The net amounts of proven losses covered under this rider shall enter with the net amounts of all other losses covered and proven under this bond in calculating under section No. 6 the amount from which the initial loss, to be borne by the indemnified, shall be deducted, and this rider shall in all respects have the same effect as if its provisions had been incorporated in the body of said section No. 2."

And section 6 refers to certain amounts that shall be deducted in estimating the initial loss, such as the amount collected, the value of securities given, the amount of goods returned, or recovered by legal proceedings.

It is admitted that the plaintiff lost $954.73 on what might be termed the rated accounts, and $17,496.73 on the nonrated accounts. He sues for $3,000 on his nonrated accounts, and for $954.73 on his rated accounts. The company, however, contends that it is not liable for anything as the provisions in the rider and the last paragraph mean that there is no insurance whatever on unrated accounts, but that, in estimating the net initial loss, $3,000 of unrated accounts may be considered, and, as there was only $954.73 loss on rated accounts, that, taken together with the $3,000 allowed under their construction, would not make up the initial loss of $5,000 that the plaintiff would be required to lose before he could recover anything.

It may be that the language of the policy and the rider are susceptible of this construction. But I must confess that my mind is not subtle enough to grasp it. It seems to me that the plain common-sense interpretation of the entire policy is that this plaintiff was insured against loss on his unrated accounts up to $3,000, provided he had first made his initial loss of $5,000. Therefore, in that view of the case, I must direct a verdict for the plaintiff for $3,954.73. It would have been very easy for the company to have put their construction in a simple sentence of a few words. They have not seen fit to do so, and it seems clear to me that any business man or layman, not an adjuster or actuary, in construing this policy, would adopt the interpretation that I have given it.

Of course, if I am wrong on that, the appellate court will very speedily correct me.